JUDGMENT

PER CURIAM.
This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. See D.C.Cir. Rule 36(d). It is
ORDERED and ADJUDGED that the judgment of the district court be affirmed.
The National Institutes of Health (NIH) failed to hire appellant Syed Rafi for twelve positions for which he applied between 1993 and 1998. Rafi alleges that the failures to hire constituted discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. We affirm the district court’s dismissal of Rafi’s claims as to ten of the positions on the ground that he failed to exhaust his administrative remedies in a timely fashion. Rafi did not contact an NIH counselor until February 10, 1998— long after the 45-day deadline. See 29 C.F.R. § 1614.105(a). He contends that he did not realize he had been discriminated against until he received a letter from NIH on January 23, 1998, and that accordingly, he “did not know and reasonably should not have ... known that the discriminatory matter or personnel action occurred” until that date. Id. § 1614.105(a)(2). But the district court correctly concluded that there was no material difference between the January 1998 letter and a letter that Rafi received on July 21,1997.
We affirm the district court’s decision to direct a verdict as to the remaining two claims. Raff offered no evidence at trial from which a reasonable jury could have concluded that the NIH was actually “seeking applicants” for the two positions he sought, McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), a required component of the case because the absence of an available position is one of the “most common nondiscriminatory reasons for [a] plaintiffs rejection,” Tex. Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 254, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Finally, we find no abuse of discretion in the district court’s response to Rafi’s requests for discovery.
The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41(a)(1).